By the Court—Bosworth, Ch. J.
Are the mortgages in question operative and.valid as against the infant children of Henry Davis and Isabella M. Steele his wife ?
Those of them, who were in esse, when the petition of Joel Platt, Trustee, and of Davis and wife was presented to the Court of Chancery, were not parties to that proceeding. In that pro- " ceeding the Court of Chancery had no jurisdiction of their persons ; no one was appointed or assumed to represent them, in it.
The mortgages were not made, nor was power to make them asked, for the purpose of so improving the estate that it would produce a fund, for their support.
The observations of the Chancellor, in Cochran v. Van Surlay, (20 Wend., 373-376,) furnish no warrant for holding the mortgages valid as against the infants.
*592 The proceedings in the Court of Chancery were not taken under article 7, of title 2, of chapter 1, part 3, 2 Revised Statutes.
In Hedges v. Riker, (5 J. C. R., 163,) the proceeding was by bill, and the infants were parties to the suit. The Court, therefore, had jurisdiction of the persons of all the parties sought to be affected by the decree, as well as of the subject-matter of the suit.
In Pitcher v. Carter, (4 Sand. Ch. R., 1,) the petition for leave to mortgage, attempted to make a case showing that such a course “ was necessary and proper for the support and maintenance of Mrs. Artois and her infant children, and the education of the latter; ” prayed “that a guardian should be appointed for the infants, to join in the execution of the mortgage,” and the order entered on the coming in of the report of a master made thereon, “ directed the mortgage or mortgages to be executed by Artois and wife, by Clason as Trustee, and also by Clason on behalf of the infants, and that the same should bind and be an incumbrance upon the several estates which those parties had in and to the premises,” &c., &c.
That case is clearly distinguishable from the present. In that the infants were parties to the proceeding to obtain authority to mortgage; and that authority was sought, avowedly, to provide for the support and education of the infants, as well as for the benefit of Mrs. Artois, and the order made attempted to provide for the payment, (in part at least,) of the mortgage, out of the income of the improvements to be made with the money, the mortgage was given to secure.
In the present case, these facts do not exist—
What the Court said of its power over the equitable estate of infants in Hedges v. Riker, and in Pitcher v. Carter, was said of its power in cases to which the infants were parties, and in which it was proposed to affect their title for their benefit, and in which, therefore, it had jurisdiction of their persons, as well as of the subject-matter of the suit or proceeding.
The opinion of the Court at Special Term, states that the case was decided in favor of the plaintiff on the ground, that Pitcher v. Carter, (supra,) was in point, and was an authority sustaining the validity of the mortgages in question.
But I think the distinctions already stated between that case and the present must have been overlooked; and that if these mort *593 gages are to be upheld as valid and obligatory against the infants, then it must be conceded that the rule that a judgment, decree, or order, cannot affect strangers to it, has no application to infants ; and that infants who most need protection are not entitled to it, or to be heard upon the question whether their equitable interests shall be mortgaged or alienated, as an essential prerequisite to a valid mortgage or conveyance of them.
In my opinion the order giving authority to mortgage, and the mortgages in question executed in pursuance of it, are inoperative and void as against the children of Isabella M. Davis. (Cowen & Hill’s & Edwards’ Notes, vol. 2, pp. 6, 60, and cases there cited.)
The judgment should be reversed and a new trial granted, with costs to abide the event.
Ordered accordingly.